### In re KASSON'S ESTATE.

(Supreme Court, Appellate Division, Third Department. December 6, 1899.)

EXECUTORS AND ADMINISTRATORS—REMOVAL OF EXECUTOR.

> Where one who became executor of an estate was also guardian of infants, and his intestate, during life, became surety on his bond as guardian, and after intestate's death his estate was compelled to pay money belonging to such infants on account of said guardian's losing the same on investment, the guardian being insolvent, the executor will not be removed on account thereof when otherwise he is competent, and gives bond, and one of the main legatees in the will is co-executor, and all of the estate's money is subject only to the co-executor's check.

Appeal from surrogate's court, Fulton county.

Proceedings to remove John L. Getman as executor of the estate of Alexander J. Kasson. From an order of the surrogate removing him, said Getman appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

William C. Mills, for appellant.

C. M. Parke, for respondent.

LANDON, J. The main charge against the appellant is that his testator was surety upon his bond as guardian for certain infants, and that, after the testator's death, the appellant invested the moneys of the infants in his own name in the stock of a California corporation, and thereby lost the same; and the surrogate having, upon his accounting, charged him therewith, and the appellant being insolvent, his co-executors of this testator, recognizing the liability of this estate upon the guardian's bond, made good the loss to the infants by the payment of the amount, namely, $2,966.06. It affirmatively appears that the appellant has in no other respect done any act to the prejudice of this estate; that he is of good habits, competent, and efficient, and that the testator knew he had little or no property; that letters testamentary were issued to him and the two other executors in May, 1892. The will of the testator is not set forth in the record. It appears, however, that the estate of the deceased was mostly in real property, valued at about $100,000, and was devised in great part to his widow, who is an acting executrix, and to the Gloversville Free Library, with power of sale to the executors; that sales thereof from $15,000 to $20,000 have been made, and properly accounted for and applied, pursuant to the provisions of the will; and that the widow, as executrix, collects the rent of the unsold property, and that the bank account of the estate is kept by the executors in her name, and the balances are solely subject to her check. The appellant sig-

nifies his willingness to give a bond for the faithful performance of his duty.

Under the circumstances, we do not think his removal is required for the protection of the estate. Our order is that the appellant may, within 30 days after the entry of this order, file with the surrogate a bond in the usual form, with sureties in the penalty of $5,000, to be approved by the surrogate, and upon such approval the order removing him is reversed, and the motion for his removal denied, with costs of this appeal to be paid him out of the estate. In default thereof, the order is affirmed, with costs. All concur.